UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
          :
FOREVER GREEN HOLDINGS LLC,   :
          :
         Plaintiff,   :   Civil Action No. 1:07-cv-08240-RMB
          :
v.          :   ECF CASE
          :
BULLET LINE, INC. D/B/A   :
BULLET LINE   :   **JURY DEMANDED**
          :
         Defendant.   :
---------------------------------------------------------X

## COMPLAINT

Plaintiff, Forever Green Holdings LLC, by its undersigned attorneys, for its Complaint against Defendant, Bullet Line, Inc. d/b/a Bullet Line, alleges:

## JURISDICTION AND VENUE

1. This cause of action arises under the Patent Laws of the United States, 35 U.S.C. §101 et. seq.

2. Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c) and 1400(b).

## THE PARTIES

4. Plaintiff, Forever Green Holdings LLC (hereinafter "Forever Green" or "Plaintiff"), is a New Jersey limited liability company having a principal, regular and established place of business at 117 Fort Lee Road, Unit A-11, Leonia, NJ 07605.

5. Upon information and belief, Defendant Bullet Line, Inc. d/b/a Bullet Line (hereinafter "Bullet Line" or "Defendant"), is a Florida corporation having a principal, regular and

established place of business at 15959 N.W. 15th Avenue, Miami, Florida 33014.

6. Upon information and belief, Defendant transacts business within this district, derives substantial revenue from intrastate and interstate commerce, including commerce between Florida and the City and State of New York, and has committed tortious acts of patent infringement within this district and also without this district having injurious consequences within this district, and Defendant is otherwise within the jurisdiction of this Court.

7. In particular, upon information and belief, Defendant is advertising and offering for sale, and possibly selling, into this judicial district a product that infringes upon at least one claim of Plaintiff's United States Utility Patent Nos. 7,111,349 and 7,254,856 and at least one embodiment of Plaintiff's United States Design Patent Nos. D503,739 and D508,524, as is more thoroughly described below, and/or is actively doing business in this district and thereby is, and has been, regularly availing itself of the benefits of doing business in this district.

**BACKGROUND FACTS**

8. Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

9. Defendant is a supplier of products to the promotional products industry. Defendant, and companies like Defendant (hereinafter "promotional products companies"), typically provide a selection of products (pens, flashlights, tape measures, mugs, shirts, key chains, note pads, and a myriad of other common products) to their customers for their customers to buy in bulk (ten (10), fifty (50) or even hundreds at a time) and distribute to their own customers. Prior to such sales by these promotional products companies, the promotional products companies brand the product(s) selected by their customer with any information wanted by the customer; but usually such information is the name, logo, slogan, address, website location, etc. of the customer's business.

Such distribution by these customers of the promotional products company is usually for free to its customers; as, for example, pens handed out with a bank's name for free to the bank's customers.

10. Defendant advertises its services and promotes and offers for sale its products on its website, such website having the web address www.bulletline.com.

11. Defendant also promotes its services and offers its products for sale and actually sells its products to its customers through its catalog(s) and website.

12. Plaintiff is in the same industry as Defendant, although Plaintiff's role in the industry is slightly different from that of Defendant. Plaintiff's customers are companies like Defendant; i.e., Plaintiff is the supplier of un-branded bulk products to the promotional products companies, of which Defendant is a group. However, Defendant is not, at the time of the commencement of this action, a customer of Plaintiff.

## COUNT I
## PATENT INFRINGEMENT – U.S. PAT. NO. 7,111,349

13. Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

14. Plaintiff is the owner of United States Patent No. 7,111,349, for the invention entitled "Carabiner Tool Assembly," duly issued by the United States Patent and Trademark Office on September 26, 2006 (hereinafter "the '349 patent"). Upon information and belief, the '349 patent has at all times been valid, enforceable and subsisting.

15. Since Plaintiff's '349 patent issued, or as soon as practicably possible thereafter, Plaintiff has regularly and continuously marked its products covered by the '349 patent with notice of the '349 patent, pursuant to the patent marking provisions of the Patent Laws of the United States, 35 U.S.C. §101 et. seq.

16. Upon information and belief, Defendant is advertising and/or offering for sale and/or

selling in the United States and in this judicial district, tape measures that infringe at least one claim of the '349 patent. The model/item number of Defendant's known infringing tape measure is SM-9412. Other infringing tape measures may exist, but at present are unknown to Plaintiff.

17.    Defendant had full knowledge of the patent rights of Plaintiff in the '349 patent at least as early as March 9, 2007, but has continued to advertise and/or offer for sale and/or sell its products in the United States, and upon information and belief, in this judicial district, which products infringe at least one claim of the '349 patent.

18.    All of the acts of Defendant are without the permission, license or consent of Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

19.    Defendant has been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

20.    Upon information and belief, Defendant's acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendant to an award of enhanced damages.

21.    Defendant's foregoing activities have damaged Plaintiff in an amount as yet unknown, but if Defendant's foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $100,000, but will likely be far higher.

**COUNT II**
**PATENT INFRINGEMENT – U.S. PAT. NO. 7,254,856**

22.    Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

23.    Plaintiff is the owner of United States Patent No. 7,254,856, for the invention entitled "Carabiner Tool Assembly," duly issued by the United States Patent and Trademark Office on August 14, 2007 (hereinafter "the '856 patent"). Upon information and belief, the '856 patent has at all times been valid, enforceable and subsisting.

24. Upon information and belief, Defendant is advertising and/or offering for sale and/or selling in the United States and in this judicial district, tape measures that infringe at least one claim of the '856 patent. The model/item number of Defendant's known infringing tape measure is SM-9412. Other infringing tape measures may exist, but at present are unknown to Plaintiff.

25. Upon information and belief, Defendant had full knowledge of the patent rights of Plaintiff in the '856 patent but has continued to advertise and/or offer for sale and/or sell its products in the United States, and upon information and belief, in this judicial district, which products infringe at least one claim of the '856 patent.

26. All of the acts of Defendant are without the permission, license or consent of Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

27. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

28. Upon information and belief, Defendant's acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendant to an award of enhanced damages.

29. Defendant's foregoing activities have damaged Plaintiff in an amount as yet unknown, but if Defendant's foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $100,000, but will likely be far higher.

## COUNT III
### PATENT INFRINGEMENT – U.S. DES. PAT. NO. D508,524

30. Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

31. Plaintiff is the owner of United States Design Patent No. D508,524, for the invention entitled "Tubular Device With Carabiner Thereon," duly issued by the United States Patent and Trademark Office on August 16, 2005 (hereinafter "the '524 patent"). Upon information and belief,

the '524 patent has at all times been valid, enforceable and subsisting.

32. Since Plaintiff's '524 patent issued, or as soon as practicably possible thereafter, Plaintiff has regularly and continuously marked its products covered by the '524 patent with notice of the '524 patent, pursuant to the patent marking provisions of the Patent Laws of the United States, 35 U.S.C. §101 et. seq.

33. Upon information and belief, Defendant is advertising and/or offering for sale and/or selling in the United States and in this judicial district, pens that infringe at least one claim of the '524 patent. The model/item number of Defendant's known infringing flashlight is SM-9815. Other infringing pens may exist, but at present are unknown to Plaintiff.

34. Defendant had full knowledge of the patent rights of Plaintiff in the '524 patent at least as early as March 9, 2007, but has continued to advertise and/or offer for sale and/or sell its products in the United States, and upon information and belief, in this judicial district, which products infringe the '524 patent.

35. All of the acts of Defendant are without the permission, license or consent of Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

36. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

37. Upon information and belief, Defendant's acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendant to an award of enhanced damages.

38. Defendant's foregoing activities have damaged Plaintiff in an amount as yet unknown, but if Defendant's foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $100,000, but will likely be far higher.

COUNT IV
**PATENT INFRINGEMENT – U.S. DES. PAT. NO. D503,739**

39. Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

40. Plaintiff is the owner of United States Design Patent No. D503,739, for the invention entitled "Writing Instrument With Carabiner," duly issued by the United States Patent and Trademark Office on April 5, 2005 (hereinafter "the '739 patent"). Upon information and belief, the '739 patent has at all times been valid, enforceable and subsisting.

41. Since Plaintiff's '739 patent issued, or as soon as practicably possible thereafter, Plaintiff has regularly and continuously marked its products covered by the '739 patent with notice of the '739 patent, pursuant to the patent marking provisions of the Patent Laws of the United States, 35 U.S.C. §101 et. seq.

42. Upon information and belief, Defendant is advertising and/or offering for sale and/or selling in the United States and in this judicial district, flashlights that infringe the '739 patent. The model/item number of Defendant's known infringing flashlight is SM-9815. Other infringing pens may exist, but at present are unknown to Plaintiff.

43. Upon information and belief, Defendant had full knowledge of the patent rights of Plaintiff in the '739 patent but has continued to advertise and/or offer for sale and/or sell its products in the United States, and upon information and belief, in this judicial district, which products infringe the '739 patent.

44. All of the acts of Defendant are without the permission, license or consent of Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

45. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

46. Upon information and belief, Defendant's acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendant to an award of enhanced damages.

47. Defendant's foregoing activities have damaged Plaintiff in an amount as yet unknown, but if Defendant's foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $100,000, but will likely be far higher.

## COUNT V
## INDUCEMENT AND/OR CONTRIBUTORY INFRINGEMENT

48. Plaintiff re-alleges all of the foregoing paragraphs, as if fully set forth herein.

49. Defendant by its acts is inducing infringement and/or contributorily infringing at least one claim of the '349 and '856 patents and/or at least one embodiment of the '524 and/or '739 patents.

## JURY DEMAND

50. Plaintiff hereby demands trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays for a judgment, including:

A. A declaration that Defendant's products SM-9412, and any others similar thereto, infringe Plaintiff's '349 patent, and that such infringement is, and was, willful;

B. A declaration that Defendant's products SM-9412, and any others similar thereto, infringe Plaintiff's '856 patent, and that such infringement is, and was, willful;

C. A declaration that Defendant's products SM-9815, and any others similar thereto, infringe Plaintiff's '524 patent, and that such infringement is, and was, willful;

D. A declaration that Defendant's products SM-9815, and any others similar thereto,

infringe Plaintiff's '739 patent, and that such infringement is, and was, willful;

    E.    An accounting and award for damages, interest, attorneys' fees and costs of this action;

    F.    An award of treble damages for Defendant's willful infringement of Plaintiff's patents;

    G.    A permanent injunction against Defendant, prohibiting the continuance of its infringing activities, including but not limited to, advertising, offering for sale, importing into the U.S. and/or selling the infringing products;

    H.    An immediate recall of all catalogs and/or flyers and/or any other advertising or promotional materials containing the infringing products, if any; and

    I.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

KAPLAN GILMAN GIBSON & DERNIER LLP
Attorneys for Plaintiff
900 Route 9 North, Suite 504
Woodbridge, NJ 07095
Telephone (732) 634-7634
Facsimile (732) 634-6887

Dated: September 20, 2007

_____
Michael R. Gilman (MG 7608)